**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **REBEL STEEL VENTURES AND ERECT, INC.,** | **Case No. 24-20535-JRS** |
| **Debtor.** | |

**NOTICE OF ASSIGNMENT OF HEARING**

**PLEASE TAKE NOTICE** that the Debtor has filed a *Motion to Approve Post-Petition Retainer for Accountant* and related papers with the Court seeking an order approving a post-petition retainer to the Debtor's accountant.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion at **10:30 A. M.** on **March 27, 2025** in **Courtroom 103, U.S. Courthouse, 121 Spring Street, SE, Gainesville, 30501**, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-In and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

Your rights may be affected by the Court's ruling on these pleadings. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings, or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address for the Clerk's Office is: United States Bankruptcy Court 121Spring St. SE, Room 120 Gainesville, GA 30501. You must also mail a copy of your response to the undersigned at the address stated below.

Dated: March 3, 2025                                **ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Elizabeth Childers*
William A. Rountree, Ga. Bar No. 616503
Elizabeth Childers, Ga. Bar No. 143546
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
echilders@rlklawfirm.com
*Attorneys for the Debtor*

2

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **REBEL STEEL VENTURES AND ERECT, INC.,** | **Case No. 24-20535-JRS** |
| **Debtor.** | |

## MOTION TO APPROVE POST-PETITION RETAINER FOR ACCOUNTANT

Rebel Steel Ventures and Erect, Inc. (the "**Debtor**") hereby brings this Motion to Approve Post-Petition Retainer for Accountant (the "**Motion**"), pursuant to sections 105 and 328 of title 11 of the United States Code (the "**Bankruptcy Code**").

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this Bankruptcy Case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested in this Motion are Sections 105 and 328 of the Bankruptcy Code.

### BACKGROUND

3. On May 7, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under the provisions of Chapter 11 of the Bankruptcy Code. The Debtor continues to manage its assets and operate its business as debtor-in- possession pursuant to 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtor is a family run steel fabricator and erector that has been successfully operating since 2011.

3

5. The Debtor has not filed taxes in many years and the Internal Revenue Service has filed a proof of claim for unassessed taxes for the years 2018-2023.

6. In order to successfully reorganize in chapter 11, the Debtor must get its tax returns filed.

7. To that end, the Debtor hired Hays Financial Consulting, LLC (the "**Accountant**") as its accountant to file the delinquent taxes. The Court approved the employment of the Accountant on June 27, 2024 [Doc. 37]. Thus far, the Accountant has worked with the Debtor to get its books and financial records in order so that the tax returns may be prepared and filed.

8. The Accountant is requesting that the Debtor pay a retainer of $10,000.00 before the taxes are actually prepared and filed.

9. The retainer is intended as a security retainer and not a general retainer. Compensation to the Accountant will only be paid and expenses reimbursed from the retainer pursuant to an application filed and approved by this Court pursuant to 11 U.S.C. §§ 330, 331 and Federal Rule of Bankruptcy Procedure 2016, unless the Court orders otherwise

## RELIEF REQUESTED AND BASIS FOR RELIEF

10. The Debtor requests entry of an order substantially in the form of the proposed order attached hereto as **Exhibit A**, approving the post-petition retainer to the accountant.

11. "Section 328(a) of the Bankruptcy Code grants bankruptcy courts the authority to employ professionals "on any reasonable terms and conditions of employment, including a retainer, on an hourly basis, or on a contingent fee basis."" *In re Troung*, 259 B.R. 264, 267 (Bankr. D. N.J. 2011) citing *In re Knudsen Corporation*, 84 B.R. 668, 670 (B.A.P. 9th Cir. 1988).

12. The determination of whether a post-petition retainer payment should be allowed must be made on a case-by-case basis. *Id* at 268. "The bottom-line consideration should be whether

the terms of retention are fair; both to the professional whose retention is sought, as well as to the debtor and its creditors who must bear the expense." *Id.*

13. When looking at a post-petition retainer for Debtor's counsel, the Court in *In re Troung* stated that there are five (5) factors a Court may consider in determining whether to allow the postpetition retainer, including: (1) the retainer's economic impact on the debtor's ongoing business operation; (2) the retainer's economic impact on the debtor's ability to reorganize; (3) the amount and reasonableness of the retainer; (4) the reputation of debtor's counsel; or (5) the ability of debtor's counsel to disgorge such payments at the conclusion of the case should the Court determine that the fees paid to counsel are not justified. *Id* (citing *In re Jefferson Bus. Ctr. Assocs.*, 135 B.R. 676 (Bankr. D. Colo. 1992)).[1] Each of these factors does not have to be proven prior to the allowance of a post-petition retainer.

14. The facts of this case meet the criteria set forth in *Troung* and *Jefferson*. The retainer is relatively small compared to the Debtor's revenues and it will not have a negative economic impact on the Debtor's ongoing business operation or on the Debtor's ability to reorganize. The Debtor does not have a creditor with an interest in cash collateral and has no required adequate protection payments that the payment of the retainer will endanger. The retainer is reasonable given the amount of work that needs to be done to get the taxes filed. The Accountant is known to be highly skilled and experienced. And finally, the Accountant will only draw against the retainer after approval of compensation by the Court.

15. Given the foregoing, the payment of the proposed post-petition retainer is warranted in this case.

---

[1] Courts have often analyzed the allowance/disallowance of post-petition retainers using the factors enumerated in *U.S. Trustee v. Knudsen Corp.*, 84 B.R. 668 (9th Cir. BAP 1988); however, as the Court in *Troung* noted, the *Knudsen* factors are limited to large complex cases and the *Jefferson* factors provide a better framework for smaller cases. *Id* at 268.

**CONCLUSION**

WHEREFORE, Debtor requests that this Court (i) enter the proposed Order authorizing the payment of the post-petition retainer described herein; and (ii) grant such other and further relief as this Court deems just and proper.

Dated: March 3, 2025				Respectfully submitted,

				**ROUNTREE LEITMAN KLEIN & GEER, LLC**

				*/s/ Elizabeth Childers*
				William A. Rountree, Ga. Bar No. 616503
				Elizabeth Childers, Ga. Bar No. 143546
				Century Plaza I
				2987 Clairmont Road, Suite 350
				Atlanta, Georgia 30329
				(404) 584-1238 Telephone
				wrountree@rlklawfirm.com
				echilders@rlklawfirm.com
				*Attorneys for the Debtor*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **REBEL STEEL VENTURES AND ERECT, INC.,** | **Case No. 24-20535-JRS** |
| **Debtor.** | |

**ORDER GRANTING MOTION TO APPROVE POST-PETITION RETAINER FOR ACCOUNTANT**

Upon consideration of the Debtor's Motion to Approve Post-Petition Retainer for Accountant (the "**Motion**") [Doc. ___],[2] the Court having reviewed and considered the Motion; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, his

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

7

bankruptcy estate, and all creditors and other parties in interest; and sufficient notice of the Motion having been given to all creditors and parties in interest; and after due deliberation thereon, and good cause appearing therefore, it is hereby ORDERED as follows:

1. The Motion is GRANTED.

2. Hays Financial Consulting, LLC is allowed a post-petition retainer of $10,000.00.

3. The Court shall retain jurisdiction to enforce and implement the terms and provisions of this Order.

4. The provisions of this Order shall be immediately effective and enforceable upon its entry.

### ### END OF ORDER ###

**Prepared and Presented by:**

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Elizabeth A. Childers*
William A. Rountree, Ga. Bar No. 616503
Elizabeth Childers, Ga. Bar No. 143546
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlkglaw.com
echilders@rlkglaw.com
*Attorneys for the Debtor*

**Distribution List:**

ROUNTREE LEITMAN & KLEIN, LLC
William A. Rountree
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329


David Weidenbaum
Attorney for the U.S. Trustee
Office of the U. S. Trustee Room 362
75 Ted Turner Drive, SW
Atlanta, GA 30303